# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **JOHNNY LEE STERLING,** § | | |
| **TDCJ No. 00587711,** § | | |
| § | | |
| **Petitioner,** § | | |
| § | | |
| v. § | **CIVIL NO. A-23-CV-00796** | |
| § | | |
| **BOBBY LUMPKIN, Director,** § | | |
| **Texas Department of Criminal Justice,** § | | |
| **Correctional Institutions Division,** § | | |
| § | | |
| **Respondent.** § | | |

## DISMISSAL ORDER

Before the Court is a motion filed by *pro se* Petitioner Johnny Lee Sterling (ECF No. 1), which the Court construes as a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. In this pleading, Petitioner seeks to challenge the constitutionality of his March 1991 state court conviction and life sentence for aggravated sexual assault. *State v. Sterling*, No. 91-61-C (54th Dist. Ct., McLennan Cnty., Tex. Mar. 13, 1991).

Petitioner has previously challenged his conviction in multiple federal petitions for writ of habeas corpus. The Court dismissed the first two petitions as time-barred. *See Sterling v. Cockrell*, No. 6:01-cv-208-WSS (W.D. Tex.); *Sterling v. Quarterman*, No. 6:06-cv-344-WSS (W.D. Tex.). His third petition was transferred to the Fifth Circuit Court of Appeals as successive, and the Fifth Circuit denied authorization to file a successive application on June 3, 2008. *See Sterling v. Quarterman*, No. 6:08-CV-044-WSS (W.D. Tex.); *In re Sterling*, No. 08-50257 (5th Cir. 2008). Petitioner's fourth petition was dismissed as successive in January 2023. *Sterling v. Lumpkin*, No. 1:22-CV-1383-LY (W.D. Tex.). His fifth petition was likewise dismissed as successive in June 2023. *Sterling v. Lumpkin*, No. 5:22-CV-806-JKP (W.D. Tex.).

Before a second or successive application for writ of habeas corpus may be filed in the district court, 28 U.S.C. § 2244(b)(3) provides an applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. Pursuant to § 2244(b), the Court finds this successive application for writ of habeas corpus should be dismissed because Petitioner has not obtained prior approval to file a successive habeas corpus application. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007) (holding the district court lacked jurisdiction to consider a successive § 2254 petition since petitioner did not obtain authorization from the court of appeals); *In re Campbell*, 750 F.3d 523, 529 (5th Cir. 2014) (petitioner must receive authorization before filing successive habeas petition).

Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner Johnny Lee Sterling's petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction;

2. Petitioner failed to make "a substantial showing of the denial of a federal right" and cannot make a substantial showing that this Court's procedural rulings are incorrect as required by Fed. R. App. P. 22 for a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, this Court **DENIES** Petitioner a certificate of appealability. *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; and

3. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

SIGNED this 17th day of July 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE